David C. Schubel, Esq. Informal Opinion No. 99-36 Town Attorney Town of Shelby P. O. Box 348 Medina, N Y 14103
Dear Mr. Schubel:
You have asked whether the Town of Shelby may enact a local law amending subdivision 11 of section 267 of the Town Law, which relates to the appointment of alternate members of a zoning board of appeals. Subdivision 11 was enacted (L 1998, ch 13) to authorize a town board to establish the positions of alternate members of the zoning board of appeals to replace members of the board who are unable to participate because of conflicts of interests. Your Town would like to expand the conditions under which alternates can serve to include the illness and other absences of regular members.
We conclude that a town may enact a local law amending subdivision 11 of section 267 to expand the conditions under which alternates may serve. Towns are authorized (subject to exceptions not applicable here) to enact local laws amending or superseding any provision of the Town Law, provided they are acting within the scope of their home rule authority, unless the Legislature expressly prohibits the adoption of such a local law. Municipal Home Rule Law § 10(1)(ii)(d)(3). In prior opinions, we have concluded that village and town boards may utilize this authority to amend or supersede provisions of the Village or Town Law to modify the composition of planning boards and zoning boards of appeals, as well as the terms and conditions of employment of local officials. 1987 Op Atty Gen (Inf) 117; 1986 Op Atty Gen (Inf) 128; Municipal Home Rule Law §10(1)(ii)(a)(1). The actions you have proposed fall within this home rule authority, permitting amendment of section 267(11), absent an express prohibition by the State Legislature.
Neither section 267 nor article 16 of the Town Law governing zoning and planning contains such an express prohibition. Therefore, we believe your Town may enact a local law amending subdivision 11 of section 267 of the Town Law to expand the conditions under which alternate members of the zoning board of appeals may serve. We note that such a local law is required to specify the provision of State law that is being amended or superseded. Municipal Home Rule Law § 22. The failure to adhere substantially to this requirement may affect the validity of the local law. Kamhi v. Town of Yorktown, 74 N.Y.2d 423 (1989).
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions